**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Branch Banking and Trust Company, Respondent,

v.

Sarah L. Gray, Jeffery Gray, Suntrust Bank, West Union Development, LLC, and Bank of Anderson, N.A., Defendants,

Of Whom Jeffery Gray is the Appellant.

Appellate Case No. 2013-002037

Appeal From Oconee County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-439
Submitted June 1, 2015 – Filed August 26, 2015

**AFFIRMED**

Charles R. Griffin, Jr., of The Griffin Firm, LLC, of Anderson, for Appellant.

William Douglas Gray and Weyman C. Carter, both of McNair Law Firm, PA, of Greenville, for Respondent.

**PER CURIAM:** Jeffery Gray appeals the circuit court's order granting Branch Banking and Trust Company's (BB&T's) motion for summary judgment as to Gray's counterclaims in a foreclosure action. On appeal, Gray argues the circuit court erred in granting BB&T's motion because genuine issues of material fact exist regarding whether BB&T (1) was a holder in due course (HIDC) of the loan; (2) violated the South Carolina Consumer Protection Code (SCCPC) by failing to comply with the attorney-preference provision; and (3) violated the Federal Fair Debt Collection Practices Act (FDCPA) by using deceptive means to collect a debt. We affirm pursuant to Rule 220(b), SCACR, and the following authorities.

First, Gray's argument that BB&T was not a HIDC is unpreserved. *See BMW of N. Am., LLC v. Complete Auto Recon Servs., Inc.*, 399 S.C. 444, 454-55, 731 S.E.2d 902, 908 (Ct. App. 2012) (holding an issue must have been raised to and ruled upon by the circuit court to be preserved for appeal); *id.* at 455, 731 S.E.2d at 908 (holding a party must file a Rule 59(e), SCRCP, motion to preserve an issue for appellate review that was raised to but not ruled on by the circuit court).

Second, the circuit court properly granted summary judgment regarding the SCCPC claims because the statute of limitations bars Gray from asserting a violation of the attorney-preference law. *See McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("In reviewing a decision to grant summary judgment, [the appellate court] appl[ies] the same standard as the circuit court."); Rule 56(c), SCRCP ("[Summary] judgment . . . shall be rendered forthwith if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."); S.C. Code Ann. § 37-10-105(A) (2015) ("No debtor may bring an action for a violation of [section 37-10-102(a) of the South Carolina Code (2015)] more than three years after the violation occurred, [unless the agreement was unconscionable]."); S.C. Code Ann. § 37-5-108(4) (2015) (listing factors that indicate unconscionability). Gray's argument that the statute of limitations does not apply because BB&T unconscionably secured the loan at an exceptionally high interest rate and concealed material facts related to the loan is unpreserved. *See BMW of N. Am., LLC*, 399 S.C. at 454-55, 731 S.E.2d at 908 ("[A]n issue must have been raised to and ruled upon by the [circuit] court in order to be preserved for appellate review.").

Third, the circuit court properly granted summary judgment regarding the FDCPA claim because BB&T was a creditor in the loan transaction. *See* 15 U.S.C. § 1692a(6) (2009) (defining "debt collector" as "any person who . . . regularly collects or attempts to collect . . . debts owed or due or asserted to be *owed or due*

*another*" (emphasis added)); § 1692a(4) (2009) ("'[C]reditor' means any person who offers or extends credit creating a debt or to whom a debt is owed . . . .").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.